IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DANIEL RIVERA, | § | |
| Petitioner, | § § § | |
| v. | § | 2:15-CV-255 |
| LORIE DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DENY
## PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody. Petitioner is presently incarcerated at the Clements Unit in Potter County, Texas pursuant to April 13, 2004 convictions out of Hopkins County, Texas for the offenses of driving while intoxicated and bail jumping/failure to appear, and the resultant 30-year concurrent sentences assessed for each offense. *See State v. Rivera*, Nos. 0317157, 0417433. By his federal habeas application, petitioner does not challenge his holding convictions or sentences, rather, he challenges a prison disciplinary proceeding conducted at the Clements Unit in Potter County, Texas on August 19, 2014. *See* Disciplinary No. 20140361416.

In order to challenge a prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory supervised release **and** have received a punishment sanction which included forfeiture of previously accrued

good-time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). Review of the online Offender Information Detail maintained by the Texas Department of Criminal Justice confirms petitioner is incarcerated pursuant to the convictions for the above offenses and sentences. However, the Detail further reflects that on March 13, 1996, petitioner committed two (2) counts of aggravated assault with a deadly weapon and, on January 28, 1997, was convicted of the aggravated assault offenses in McClennan County, Texas and sentenced to 6-year concurrent sentences for each offense. *See State v. Rivera*, No. 96-347-C. The Detail also reflects petitioner's projected release date is his maximum sentence date. In his habeas application, in response to Question 16 on page 5, petitioner acknowledges he is <u>not</u> eligible for release on mandatory supervision.

The mandatory supervision statute in effect when petitioner was convicted of his aggravated assault offenses in 1997 stated "[a] prisoner may not be released to mandatory supervision if the prisoner is serving *or has previously been convicted* for an offense and the judgment for the offense contains an affirmative finding [of the use of a deadly in the commission of the offense] . . . or if the prisoner is serving a sentence for or has previously been convicted of . . . a second degree or first degree felony under Section 22.02, Penal Code (Aggravated Assault)." Texas Crim. Proc. art. 42.18 § 8(c), (c)(5) (emphasis added). When petitioner committed his current holding offenses in 2002 and 2003, and when he was convicted of his holding offenses in 2004, the mandatory supervision statute in effect stated, "[a]n inmate may not be released to mandatory supervision if the inmate is serving a sentence for *or has been previously convicted of* . . . a first degree felony or a second degree felony under Section 22.02, Penal Code [Aggravated Assault]." Tex. Gov't Code § 508.149(a)(7) (emphasis added). Petitioner was previously convicted of two counts of aggravated assault with a deadly weapon. As a result, petitioner may not be released to mandatory supervision. Since petitioner is not

for mandatory supervised release, he may not challenge a prison disciplinary proceeding by way of a federal petition for a writ of habeas corpus. *See Malchi*, 211 F.3d at 958. Petitioner's habeas application should be DENIED.

## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner DANIEL RIVERA be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this _8th_ day of August 2017.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the

Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).